IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. ELLIS PARTEE, | ) ) ) | |
| Petitioner, | ) ) | No. 11 CV 539 |
| v. | ) ) | Judge Robert W. Gettleman |
| MARCUS HARDY, Warden, Stateville Correctional Center, | ) ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Ellis Partee filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After respondent Marcus Hardy filed a response brief, the court granted petitioner's motion for appointment of counsel, and petitioner filed a counseled reply brief. For the reasons discussed below, the habeas petition is denied, and the court declines to issue a certificate of appealability.

## BACKGROUND

After a 2006 jury trial (at which he acted pro se), petitioner was convicted of burglary and, on December 7, 2006, was sentenced to seven years' imprisonment. See Rule 23 Order, People v. Partee, Nos. 1-07-0191, 1-07-1928, and 1-07-2701 (cons.) (Ill. App. Ct. Dec. 4, 2009). On May 18, 2007, petitioner filed a pro se petition for a writ of habeas corpus, which argued that his conviction violated the one-act one-crime doctrine and the prohibition against double jeopardy because the charge of which he was convicted had been dismissed as part of a plea agreement in an unrelated case. (Petitioner had previously raised this argument in a pro se motion to dismiss the indictment, which the state court had denied.) The habeas petition also contended that petitioner was denied effective assistance of counsel before and after his trial,

denied the right to confront witnesses, and denied due process when the state indicted him based on false testimony from a "state actor." Finally, petitioner claimed that the conditions of his confinement violated the Eighth Amendment because, in relevant part, he was denied access to the law library. The trial court denied the habeas petition.

Next, on August 10, 2007, petitioner filed a pro se postconviction petition pursuant to 725 ILCS 5/122-1 et seq. That petition raised a number of claims, including in relevant part that petitioner was maliciously prosecuted and falsely imprisoned based on a charge that had previously been dismissed as a part of a plea agreement, that the prosecution had used perjured testimony, that he had "documents of newly discovered evidence" (though these documents were not attached to the petition), and that petitioner's appellate counsel had rendered ineffective assistance because no action had been taken on his appeal due to "budget constraints." The trial court summarily dismissed the postconviction petition, finding that all of petitioner's allegations were frivolous and patently meritless. Id. at 1.

Petitioner separately appealed his conviction, the denial of his state-court habeas petition, and the dismissal of his postconviction petition, arguing in part that the trial court had erred in refusing to offer him assistance in gaining library access, refusing to allow him to present testimony in support of his motion to dismiss the indictment, refusing to allow him representation at his sentencing, and ruling on his motion to reconsider his sentence without petitioner being present. Id. The Illinois Appellate Court consolidated those appeals on petitioner's motion, and affirmed all three judgments. Id. at 1, 44.[1] In so doing, the court

---

[1] While this consolidated appeal was pending in the Illinois Appellate Court, petitioner filed pro se motions for an order correcting his mittimus and for leave to file a petition for a writ of mandamus compelling the production of a trial transcript. The trial court denied these
(continued...)

observed that petitioner had not alleged that he was prejudiced by the trial court's refusal to issue an order granting him extra access to the law library, and that the record reflected that the trial court repeatedly advised petitioner that he would not receive special treatment in light of his decision to proceed pro se. The court further mentioned that it was undisputed that petitioner had access to the library, as evidenced by the numerous pro se motions he had filed. Id. at 28.

Petitioner claims that he filed a petition for leave to appeal, but the record reflects that he did not. Respondent states, and petitioner does not contest, that petitioner requested and received an extension of time to file a PLA. When the Illinois Supreme Court granted that extension, petitioner's case received an Illinois Supreme Court number. Id. As the dismissal order specifies, petitioner failed to file a PLA within that extended time frame. The Illinois Supreme Court then dismissed petitioner's case because "[p]etitioner ha[d] failed to file a petition for leave to appeal within the time allowed by order . . . ." Dismissal Order, People v. Partee, No. 109692 (Ill. Mar. 24, 2010).

---

[1](...continued)
motions. Rule 23 Order, People v. Partee, No. 1-08-0868, at 1 (Ill. App. Ct. Jan. 16, 2009). Petitioner appealed, and his appointed counsel moved to withdraw pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987). Rule 23, People v. Partee, No. 1-08-0868, at 1-2 (Ill. App. Ct. Jan. 16, 2009). The Illinois Appellate Court granted the Finley motion and affirmed the denial of petitioner's motions.

Also while petitioner's consolidated appeals were pending, petitioner filed a § 2254 petition in this court [Dkt. 1], which the court dismissed without prejudice for failure to exhaust state-court remedies [Dkt. 13].

On December 16, 2010,[2] petitioner filed the instant pro se petition for a writ of habeas corpus, raising five claims:[3]

(1) his conviction violates double jeopardy because, before being charged with and convicted of the instant offense, petitioner had previously been charged with misdemeanor theft for the same act, and that charge had been dismissed as part of a plea agreement;

(2) petitioner was denied due process when the trial court refused to allow him representation at his sentencing and refused to allow him to be present during a hearing on his pro se motion to reconsider his sentence;

(3) petitioner was denied due process when he was deprived of the right to offer the testimony of the judge who accepted his plea on the misdemeanor theft charge and the public defender who represented him on that charge, which petitioner argues was crucial testimony because of the "clearly confusing [and] incorrect" record of those proceedings;

(4) petitioner was denied due process when, during his trial and post-trial proceedings, he was deprived of meaningful access to the law library, and he was denied a fair trial when the trial court permitted the prosecution to offer "other crimes" evidence; and

(5) petitioner's appellate counsel was ineffective for failing to argue that the trial court erred in allowing the state to introduce "other crimes" evidence and in denying petitioner's motion to dismiss.

## **DISCUSSION**

Respondent Marcus Hardy's answer to the instant petition requests that the court dismiss the petition for lack of jurisdiction, and alternatively claims that all of petitioner's claims are procedurally defaulted. In the course of granting petitioner's motion to appoint counsel,

---

[2] The court's order dated October 3, 2011, found that petitioner had timely filed the instant petition while he was in custody. [Dkt. 20.] On January 24, 2010, petitioner's sentence on the instant offense was discharged and petitioner was released from Stateville into the custody of the Cook County Jail for a separate offense under Cook County Circuit Court case number 10 CR 18595.

[3] Petitioner's counseled reply brief consolidates these into three claims and omits the final claim entirely.

however, the court addressed and rejected respondent's jurisdictional argument, finding that petitioner had timely filed the instant petition while he was in custody. [Dkt. 20.]

Respondent next contends that petitioner procedurally defaulted all of his claims by failing to raise them through one complete round of state court review. 28 U.S.C. § 2254(b) (requiring exhaustion of state remedies); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Guest v. McCann, 474 F.3d 926, 929 (7th Cir. 2007). Petitioner concedes that his failure to file a PLA on direct review procedurally defaulted his claims, but argues that this default can be excused by cause for the default and ensuing actual prejudice.[4] Coleman v. Thompson, 501 U.S. 722, 750 (1991). Respondent's answer states that the court "should not review [these] defaulted claims" because "[p]etitioner has not argued or demonstrated an excuse for his procedural defaults." But because procedural default is an affirmative defense, petitioner was not required to show cause, prejudice, or actual innocence in his petition. See Kaczmarek v. Rednour, 627 F.3d 586, 591 (7th Cir. 2010); Perruquet v. Briley, 390 F.3d 505, 515 (7th Cir. 2004) ("A petitioner's procedural default does not deprive the federal court of jurisdiction over his habeas petition; rather, it is an affirmative defense that the State is obligated to raise and preserve, and consequently one that it can waive.").

To demonstrate cause, a petitioner must show that an "objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," such as "(1) interference by officials that makes compliance . . . impractical; (2) constitutionally ineffective

---

[4] Petitioner does not contend that "a miscarriage of justice will occur" if the court does not consider the merits of his claims. Woods v. Schwartz, 589 F.3d 368, 373 (7th Cir. 2009). To make such a showing, petitioner would need to "present clear and convincing evidence that, but for the alleged error, no reasonable juror would have convicted him." Dellinger v. Bowen, 301 F.3d 758, 767 (7th Cir. 2002).

5

assistance of counsel; [or] (3) a showing that the factual or legal basis for a claim was not reasonably available to counsel." Guest v. McCann, 474 F.3d 926, 929 (7th Cir. 2007) (internal quotations and citation omitted).  In his reply brief, petitioner argues that there were two causes for his failure to raise his claims in a complete round of state-court review: (1) his appellate counsel was ineffective; and (2) he was denied access to the law library and materials, such as paper and envelopes, throughout his trial and appeal process.

Petitioner has not shown, however, that any alleged ineffectiveness of his appellate counsel "impeded" him or counsel in efforts to properly exhaust the claims raised in the instant petition.  In fact, petitioner's reply brief simply states in a conclusory fashion that plaintiff's "failure to appeal to the state's highest court was the result of constitutionally ineffective assistance of counsel."  But even if petitioner's counsel's failure to present his claims on direct appeal were attributable to his counsel's ineffectiveness, petitioner has not contended that ineffective assistance prevented him from raising (and exhausting) his claims by filing a PLA from the denial of his postconviction petition.  Petitioner cannot, therefore, demonstrate that he was prejudiced by any ineffective assistance rendered by his appellate counsel.  See United States v. Frady, 456 U.S. 152, 170 (1982) (to establish prejudice, a habeas petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions").

Petitioner's second proffered "cause" fares no better.  His habeas petition mentions lack of access to the law library and materials in the context of explaining why petitioner failed to raise "inordinate delay" through a complete round of state-court review.  This "inordinate

delay" claim—by which the court assumes petitioner means the claim (advanced in his postconviction petition) that his appellate counsel had rendered ineffective assistance by taking no action from December 2006 through August 2007 (when the postconviction petition was filed) due to "budget constraints"—is the <u>only</u> claim petitioner states he was unable to exhaust because he lacked sufficient access to the library and materials.  Even if the court were to construe petitioner's contention to be that lack of access to the library and materials caused his failure to file a PLA at all—and thus to exhaust any of his claims—this is insufficient.  Petitioner "does not explain why the lack of access to the library hindered his case," <u>Williams v. Buss</u>, 538 F.3d 683, 686 (7th Cir. 2008), other than to conclusorily assert that "[w]ithout law library access or materials, [petitioner] could not possibly prepare and file a Petition for leave to appeal." Thus, even if petitioner could show that his failure to file a PLA was caused by the lack of access—an argument that remains entirely undeveloped and unsupported—he has not shown that he was prejudiced by the lack of access to the law library and materials.

Thus, because petitioner's claims are procedurally defaulted, and the default cannot be excused by cause and prejudice (and petitioner has neither argued nor shown that a miscarriage of justice will occur if the court fails to consider his claims on their merits), his petition is denied.

## II. Certificate of Appealability

A habeas petitioner is entitled to a certificate of appealability only if he has made a substantial showing that he was denied a constitutional right.  28 U.S.C. § 2253(c)(2); see <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003); <u>Evans v. Circuit Court of Cook County, Ill.</u>, 569 F.3d 665, 667 (7th Cir. 2009).  To make that showing, a petitioner must demonstrate that

7

"reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the court has denied a habeas petition on procedural grounds without reaching the petition's underlying constitutional claims, as is the case here, a petitioner must also show that jurists could debate whether the court's procedural ruling was correct. Id. at 484-85. But (as explained above) petitioner's claims are procedurally defaulted because petitioner did not raise any of them through a complete round of state court review, and that failure is not excused by cause and prejudice or by a showing of actual innocence. Reasonable jurists could not find otherwise. The court therefore declines to issue a certificate of appealability on any of petitioner's claims.

## CONCLUSION

For the reasons discussed above, the petition for a writ of habeas corpus is denied. The court declines to issue a certificate of appealability.

**ENTER:** **November 17, 2014**

_____
**Robert W. Gettleman**
**United States District Judge**